**Brad T. Summers, OSB# 91111**
tsummers@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR 97204
Telephone: (503) 228-2525
Facsimile: (503) 226-3910
Of Attorneys for Amy Mitchell,
Chapter 7 Trustee

**Linda Johannsen,** OSB #90306
Email: ljohannsen@prestongates.com
**Matthew A. Goldberg,** OSB #05265
Email: mgoldberg@prestongates.com
PRESTON GATES & ELLIS LLP
222 SW Columbia Street, Suite 1400
Portland, OR 97201-6632
Phone: (503) 228-3200
Fax: (503) 248-9085
Of Attorneys for Rodolfo A. Camacho
Chapter 7 Trustee

CLERK US BANKRUPTCY COURT
DISTRICT OF OREGON

'06 MAY -3 P3:41

LODGED____ REC'D ____
PAID 250 DOCKETED____

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**GKPS, Inc.,**<br><br>    Debtor. | Case No. 04-34670-tmb11 |
| **Rodolfo A. Camacho**, Trustee, and **Amy Mitchell**, Trustee,<br><br>                    Plaintiffs,<br>vs.<br><br>**Kenneth W. Perry, Roberta A. Kale, Sudhir P. Srivastava, Suresh N. Gadasalli, and Western National Bank,**<br><br>    Defendants. | Adversary Proceeding No. 06-3216-tmb<br><br>**COMPLAINT**<br>(Breach of Fiduciary Duty; Shareholder Liability for Debts of Corporation; Breach of Contract; Fraudulent Transfer; Preferential Transfer; Equitable Subordination) |



Page 1 -  **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

Rodolfo A. Camacho ("Camacho"), Trustee for the Chapter 7 bankruptcy estate of Symphony Healthcare V (as consolidated) ("Symphony Debtor"), and Amy Mitchell ("Mitchell"), Trustee for the Chapter 7 bankruptcy estate of GKPS, Inc. ("GKPS") (collectively "Plaintiffs"), allege:

## JURISDICTION AND VENUE

1. On April 11, 2006, the Chapter 11 bankruptcy case of Symphony Debtor was converted to Chapter 7, and Camacho was appointed Trustee.

2. On January 27, 2006, the Chapter 11 case of GKPS was converted to Chapter 7, and Mitchell was appointed Trustee.

3. This is a blended core and noncore proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. The matters in controversy arise under 11 U.S.C. §§ 544, 547, 548, 550 and 510, the Oregon, Nevada and Tennessee statues governing corporations, limited liability companies and partnerships, and the common law of these jurisdictions.

## COMMON ALLEGATIONS

4. Defendant Kenneth W. Perry is a resident of the State of Tennessee, and was a director, the President and Chief Executive Officer, and a 25 percent owner of GKPS at all times material to the allegations herein.

5. Defendant Roberta A. Kale is a resident of the State of Texas, and was a director, the Secretary, and a 25 percent owner of GKPS at all times material to the allegations herein.

6. Defendant Suresh N. Gadasalli is a resident of the State of Texas, and was a director, the Treasurer, and a 25 percent owner of GKPS at all times material to the allegations herein.

7. Defendant Sudhir P. Srivastava is a resident of the State of Texas, and was a director and a 25 percent owner of GKPS at all times material to the allegations herein.

Page 2 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

8. GKPS is a Nevada corporation that was authorized to do business in the State of Oregon. GKPS filed a voluntary petition for Chapter 11 relief under the Bankruptcy Code on May 7, 2004.

9. Symphony Healthcare I, Inc. ("Symphony I") is a Tennessee corporation that was authorized to do business in the State of Oregon. Symphony I filed a voluntary petition for Chapter 11 relief under the Bankruptcy Code on May 7, 2004.

10. Symphony Healthcare II, Inc. ("Symphony II") is a Tennessee corporation that was authorized to do business in the State of Oregon. Symphony II filed a voluntary petition for Chapter 11 relief under the Bankruptcy Code on May 7, 2004.

11. Symphony Healthcare III, Inc. ("Symphony III") is a Tennessee corporation that was authorized to do business in the State of Oregon.

12. Symphony Healthcare IV, LLC ("Symphony IV") is a Tennessee limited liability company that was authorized to do business in the State of Oregon. Symphony IV was placed into an involuntary Chapter 7 bankruptcy on March 23, 2004. The case was converted to Chapter 11 and an Order for Relief entered on May 10, 2004.

13. Symphony Healthcare V, LLC ("Symphony V") is a Tennessee limited liability company that was authorized to do business in the State of Oregon. Symphony V was placed into an involuntary Chapter 7 bankruptcy on March 23, 2004. The case was converted to Chapter 11 and an Order for Relief entered on May 10, 2004.

14. GKPS owns 100 percent of the shares of Symphony I, Symphony II, and Symphony III.

15. Symphony I is the sole owner of Symphony IV. Symphony I has never conducted any business apart from its ownership of Symphony IV.

16. Symphony II is the sole owner of Symphony V. Symphony II has never conducted any business apart from its ownership of Symphony V.

Page 3 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

17. Symphony IV formerly owned and operated Eastmoreland Hospital in Portland, Oregon.

18. Symphony V formerly owned and operated Woodland Park Hospital (collectively with Eastmoreland Hospital, the "Hospitals") in Portland, Oregon.

19. Symphony III formerly owned the Woodland Park medical office building located at 10373 NE Hancock, Portland, Oregon ("Office Building").

20. Hospital and Surgical Center Management Services, LP ("HSC") is a Nevada limited partnership that was authorized to do business in the State of Oregon.

21. GKPS was the sole general partner of HSC, and Defendants Perry, Kale, Gadasalli and Srivastava (collectively "Defendants") were the four limited partners of HSC at all times material to the allegations herein.

22. OR-TEX Realty, Ltd. ("OR-TEX") is a Texas limited partnership authorized to do business in the State of Oregon.

23. Arasu, Inc. ("Arasu") is a Texas corporation, owned by Defendant Gadasalli, which is authorized to do business in the State of Oregon.

24. Arasu is the sole general partner, and Defendants Gadasalli and Srivastava the limited partners of OR-TEX.

25. Western National Bank ("WNB") is a National Bank with its principal place of business in the State of Texas.

26. On or about February 1, 2002, WNB loaned HSC $1,000,000 ("Loan"). The promissory note was executed by GKPS as General Partner of HSC ("GKPS Note Liability"), and was personally guaranteed by Defendants ("Personal Guaranties").

27. On information and belief, at least some of the proceeds of the Loan were used by GKPS to purchase Symphony Healthcare I, II, III, IV, and V.

28. On or about September 17, 2002, Symphony III sold the Office Building to OR-TEX for $1,500,000 ("Building Sale"). At or around the time of the Building Sale, the Office

Page 4 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

Building had a tax assessed value of approximately $2,700,000. The Office Building was not listed for sale with a realtor before the Building Sale was consummated.

29. Following the Building Sale, OR-TEX received payments derived from operations of the Hospitals of $23,441.76 per month, even though the base rent for the Office Building was only $15,661 ("Inflated Lease Payments").

30. According to GKPS's tax returns for 2002 and 2003, GKPS received $1,040,000 in management fees ("Management Fees"). On information and belief, the funds with which the Management Fees were paid derived from the operations of the Hospitals.

31. Bulldog IT Corp. ("Bulldog") is a Delaware corporation founded by Defendant Perry, allegedly to provide software solutions to hospitals. Defendants were, at all times material to the allegations herein, shareholders and, on information and belief, directors of Bulldog.

32. On information and belief, Bulldog was financed with money diverted from the operations of the Hospitals, for the benefit of Defendants ("Bulldog Transfers"). Though the total amount of the Bulldog Transfers is unknown, there is evidence in the form of checks drawn on an account in the name of Symphony Healthcare, signed and indorsed by Defendant Perry, of $80,400 being diverted to Bulldog. An additional $90,000 of funds drawn on this account was transferred to Mark Kale, the son of Defendant Kale, in April 2002.

33. On or about September 3, 2002, Defendant Srivastava borrowed $25,000 from GKPS and signed a promissory note ("Srivastava Note"). On information and belief, the funds loaned to Defendant Srivastava derived from the operations of the Hospitals. Defendant Srivastava never repaid the loan represented by the Srivastava Note.

34. On September 3, 2002, each of the Defendants received a check for $50,000 ("Distributions"). The memo line of each check described the payment as a "Partners Distribution."

Page 5 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

35. Between March 2002 and February 2004, according to the Symphony Debtor's Statement of Financial Affairs, HSC received at least $751,437 of funds derived from the operations of the Hospitals ("HSC Payments"). In reality, the HSC Payments were payments to WNB on account of the Loan, for the benefit of Defendants and WNB, made with funds derived from the operations of the Hospitals. Substantially all of the HSC Payments, totaling approximately $700,000, were made within one year of the filing of the involuntary petitions against Symphony IV and V ("Insider Preferences"). Approximately 50-percent of the HSC Payments, totaling approximately $334,000, were made within 90 days of the filing of the involuntary petitions against Symphony IV and V ("Ninety-Day HSC Payments").

36. Between January 2003 and April 2004, according to the Symphony Debtor's Statement of Financial Affairs, Defendant Perry received $389,781.10 of funds derived from the operations of the Hospitals ("Perry Payments"). On information and belief, some portion of the Perry Payments was reimbursement for unnecessary and/or excessive expenditures made by Defendant Perry, allegedly on behalf of GKPS and/or Symphony IV and V.

37. Defendant Perry executed an employment agreement with GKPS ("Employment Agreement"). By working as Chief Executive Officer for Bulldog while employed by GKPS, Defendant Perry breached the Employment Agreement, a breach for which Defendant Perry is liable to GKPS ("Employment Agreement Breach").

38. On information and belief, the assets of GKPS, Symphony IV and Symphony V were improperly commingled.

39. On information and belief, Defendants treated GKPS and Symphony I, II, III, IV and V and HSC as if they were essentially the same entity.

40. On information and belief, GKPS and Symphony I, II, III, IV and V were undercapitalized.

41. On information and belief, the Defendants, in their capacities as directors of GKPS, conducted board meetings on an infrequent and irregular basis.

Page 6 - **COMPLAINT**

::ODMA\PCDOCS\PORTLAND\522844\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

## FIRST CLAIM FOR RELIEF

**(Breach of Fiduciary Duty—Against Defendants Perry, Kale, Gadasalli and Srivastava)**

42. Plaintiffs reallege paragraphs 1 through 41 above.

43. Symphony I, II, IV and V were mere instrumentalities and alter egos of GKPS.

44. In their capacities as directors of GKPS, Defendants owed to GKPS and Symphony I, II, IV and V the fiduciary duties of care and loyalty, to be exercised in good faith.

45. In their capacities as directors of GKPS, Defendants owed to the creditors of GKPS and Symphony I, II, IV and V the fiduciary duties of care and loyalty, to be exercised in good faith, once GKPS and Symphony I, II, IV and V entered the zone of insolvency.

46. By not acting with reasonable care and by failing to place the interests of GKPS and Symphony I, II, IV and V above their own interests, as outlined above, Defendants breached their fiduciary duties, thereby causing injury to GKPS, Symphony I, II, IV and V, and the creditors of each of them.

## SECOND CLAIM FOR RELIEF

**(Shareholder Liability for the Debts of the Corporation—**

**Against Defendants Perry, Kale, Gadasalli and Srivastava)**

47. Plaintiffs reallege paragraphs 1 through 46 above.

48. Symphony I, II, IV and V were mere instrumentalities and alter egos of GKPS.

49. GKPS and Symphony I, II, IV and V were undercapitalized.

50. Defendants, in their capacity as shareholders of GKPS, disregarded the corporate form and failed to sufficiently observe corporate formalities.

51. As a result of undercapitalization, disregard of corporate form and Defendants' improper conduct, as outlined above, an injustice was done to GKPS, Symphony I, II, IV and V, and the creditors of each of them.

52. The injustice can be remedied only by piercing the corporate veil and holding Defendants personally liable for the debts of GKPS and Symphony I, II, IV and V.

Page 7 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

## THIRD CLAIM FOR RELIEF

### (Breach of Contract—Against Defendant Perry)

53. Plaintiffs reallege paragraphs 1 through 52 above.

54. The Employment Agreement was a valid contract between GKPS and Defendant Perry.

55. The Employment Agreement Breach was an inexcusable breach of contract by Defendant Perry.

56. As a result of the Employment Agreement Breach, GKPS is entitled to damages from Defendant Perry.

## FOURTH CLAIM FOR RELIEF

### (Fraudulent Transfer Under 11 U.S.C. § 544(b) and ORS 95.200 *et seq.*— Against Defendants Perry, Kale, Gadasalli and Srivastava and Western National Bank )

57. Plaintiffs reallege paragraphs 1 through 56 above.

58. There are creditors of GKPS and Symphony Debtor who have allowable unsecured claims.

59. The Building Sale, Inflated Lease Payments, Management Fees, Bulldog Transfers, Srivastava Note, Distributions, HSC Payments and Perry Payments ("Section 544 Transfers") were all made within 4 years of the filing of this Complaint.

60. With respect to Symphony Debtor and/or GKPS, reasonably equivalent value was not received in exchange for the Section 544 Transfers and Symphony Debtor and GKPS:

    a. Were engaged or were about to engage in a business or a transaction for which the remaining assets of Symphony Debtor and GKPS were unreasonably small in relation to the business or transaction;

    b. Intended to incur, or believed or reasonably should have believed that Symphony Debtor and GKPS would incur debts beyond their ability to pay as they become due.

Page 8 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

61. Plaintiffs are entitled to avoid the Section 544 Transfers and to recover the value of the property transferred pursuant to 11 U.S.C. § 550(a).

## FIFTH CLAIM FOR RELIEF

### (Fraudulent Transfer Under 11 U.S.C. § 548—

### Against Defendants Perry, Kale, Gadasalli and Srivastava and Western National Bank )

62.     Plaintiffs reallege paragraphs 1 through 61 above.

63.     Substantially all of the Inflated Lease Payments, HSC Payments, and Perry Payments were transfers of property of Symphony Debtor and/or GKPS made within one year of the filing of the petitions of each of Symphony I, II, IV and V and GKPS ("Section 548 Transfers").

64.     Under the direction of Defendants, Symphony Debtor and/or GKPS made the Section 548 Transfers with actual intent to hinder, delay, or defraud entities to which Symphony Debtor and GKPS were or became, on or after the date that such transfer was made, indebted.

65.     Symphony Debtor and GKPS received less than a reasonably equivalent value in exchange for the Section 548 Transfers; and

        a.      Were insolvent on the date that such transfers were made, or became insolvent as a result of such transfers;

        b.      Were engaged in a business or a transaction, or were about to engage in a business or a transaction, for which any property remaining with Symphony Debtor and GKPS was unreasonably small capital; or

        c.      Intended to incur, or believed that Symphony Debtor and GKPS would incur, debts that would be beyond their ability to pay as such debts matured.

66.     Plaintiffs are entitled to avoid the Section 548 Transfers and to recover the value of the property transferred pursuant to 11 U.S.C. § 550(a).

Page 9 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

## SIXTH CLAIM FOR RELIEF

## (Preferential Transfer Under 11 U.S.C. § 547—

## Against Defendants Perry, Kale, Gadasalli and Srivastava)

67. Plaintiffs reallege paragraphs 1 through 66 above.

68. The Insider Preferences were made within one year of the filing of the involuntary petitions against Symphony IV and V.

69. As directors and owners of GKPS, Defendants were insiders of GKPS and Symphony Debtor pursuant to 11 U.S.C. § 101(31).

70. Because of the Personal Guaranties, Defendants were creditors of Symphony Debtor and GKPS pursuant to 11 U.S.C. § 101(10),(5).

71. Plaintiffs are entitled to avoid the Insider Preferences because they were transfers of property of Symphony Debtor and/or GKPS made

    a. To or for the benefit of a creditor;

    b. For or on account of an antecedent debt owed by Symphony Debtor and/or GKPS before such transfers were made;

    c. Made while Symphony Debtor and GKPS were insolvent;

    d. Made on or within one year before the date of the filing of the petitions of each of Symphony I, II, IV and V and GKPS;

    e. That enabled such creditor to receive more than such creditor would receive if the case were a case under Chapter 7 of the Bankruptcy Code, the transfers has not been made, and such creditor received payment of such debt to the extent provided by the Bankruptcy Code.

72. Plaintiffs are entitled to avoid the Insider Preferences and to recover the value of the property transferred pursuant to 11 U.S.C. § 550(a).

Page 10 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

## SEVENTH CLAIM FOR RELIEF

### (Preferential Transfer Under 11 U.S.C. § 547—Against Western National Bank)

73. Plaintiffs reallege paragraphs 1 through 72 above.

74. Because of the GKPS Note Liability, WNB was a creditor of GKPS and/or Symphony Debtor pursuant to 11 U.S.C. § 101(10),(5).

75. WNB is the initial transferee or, in the alternative, an immediate or mediate transferee of the Ninety-Day HSC Payments.

76. Plaintiffs are entitled to avoid the Ninety-Day HSC Payments because they were transfers of property of Symphony Debtor and/or GKPS made

    a. To or for the benefit of a creditor;

    b. For or on account of an antecedent debt owed by Symphony Debtor and/or GKPS before such transfers were made;

    c. Made while Symphony Debtor and GKPS were insolvent;

    d. Made on or within 90 days before the date of the filing of the petitions of each of Symphony I, II, IV and V and GKPS;

    e. That enabled such creditor to receive more than such creditor would receive if the case were a case under Chapter 7 of the Bankruptcy Code, the transfers has not been made, and such creditor received payment of such debt to the extent provided by the Bankruptcy Code.

77. Plaintiffs are entitled to avoid the Ninety-Day HSC Payments and to recover the value of the property transferred pursuant to 11 U.S.C. § 550(a).

## EIGHTH CLAIM FOR RELIEF

### (Equitable Subordination Under 11 U.S.C. § 510(c)—

### Against Defendants Perry, Kale, Gadasalli and Srivastava)

78. Plaintiffs reallege paragraphs 1 through 77 above.

Page 11 - COMPLAINT

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

79. By breaching their fiduciary duties to GKPS and Symphony Debtor, improperly exploiting their control over GKPS and Symphony Debtor as sole owners, and participating in the alleged avoidable transfers, as outlined above, Defendants engaged in inequitable conduct.

80. The inequitable conduct caused injury to the creditors of Symphony Debtor and GKPS by conferring upon Defendants an unfair advantage.

81. Equitable subordination of Defendants' claims is not inconsistent with the provisions of the Bankruptcy Code.

WHEREFORE, Plaintiffs pray for judgment against Defendants and WNB as follows:

1. On the First Claim for Relief, adjudging that Defendants breached their fiduciary duties to Symphony Debtor and GKPS and awarding damages in an amount to be proven at trial;

2. On the Second Claim for Relief, adjudging that the corporate veil should be pierced and awarding damages in an amount to be proven at trial;

3. On the Third Claim for Relief, adjudging that Defendant Perry inexcusably breached the Employment Agreement and awarding damages in an amount to be proven at trial;

4. On the Fourth Claim for Relief, adjudging that the Section 544 Transfers are avoided and awarding damages in the amount of the value of the property transferred;

5. On the Fifth Claim for Relief, adjudging that the Section 548 Transfers are avoided and awarding damages in the amount of the value of the property transferred;

6. On the Sixth Claim for Relief, adjudging that the Insider Preferences are avoided and awarding damages in the amount of the value of the property transferred;

7. On the Seventh Claim for Relief, adjudging that the Ninety-Day HSC Payments are avoided and awarding damages in the amount of the value of the property transferred;

8. On the Eighth Claim for Relief, adjudging that Defendants' claims should be equitably subordinated;

9. Awarding Plaintiffs their costs and disbursements herein; and

Page 12 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\522844\1

10. For such other relief as the Court deems just and proper.

DATED this 3 day of May, 2006.

                                        BALL JANIK LLP

                                        By: _____
                                        Brad T. Summers, OSB #91111
                                        Of Attorneys for Amy Mitchell,
                                        Chapter 7 Trustee

                                        —and—

                                        PRESTON GATES & ELLIS, LLP

                                        By: _____
                                        Linda Johannsen, OSB #90306
                                        Matthew A. Goldberg, OSB #05265
                                        Of Attorneys for Rodolfo A. Camacho,
                                        Chapter 7 Trustee

Page 13 -**COMPLAINT**
C:\Documents and Settings\malg\Local Settings\Temporary Internet Files\OLK8C\GKPS - Perry Complaint.DOC
BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

| B 104 **ADVERSARY PROCEEDING COVER SHEET** (Rev. 2/92) (Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) 06-3216-tmb |
|---|---|

| **PLAINTIFFS** Rodolfo A. Camacho, Trustee; and Amy Mitchell, Trustee | **DEFENDANTS** Kenneth W. Perry, Roberta A. Kale, Sudhir P. Srivastava, Suresh N. Gadasalli, and Western National Bank |
|---|---|

CLERK US BANKRUPTCY COURT
DISTRICT OF OREGON

'06 MAY -3 P 3:40

LODGED____ REC'D ____
PAID 250 DOCKETED____

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Brad T. Summers/Ball Janik LLP 101 SW Main Street, Suite 1100 Portland, OR 97204 (503) 228-2525 | **ATTORNEYS** (If Known) Randal Mashburn Commerce Center, Suite 1000 211 Commerce Street Nashville, Tennessee 37201 (615) 726-7336 Atty for Perry<br><br>James Boldrick Boldrick, Clifton & Holland 1801 West Wall Street Midland, Texas 79701 (432) 683-5656 Atty for Kale | Randall Rouse Lynch, Chappell, & Alsup The Summit, Suite 700 300 North Marienfeld Midland, Texas 79701 (432) 683-3351 Atty for Srivastava/Gadasalli<br><br>Daniel Hollmann Hollmann, Lyon, Patterson & Durell 5030 East University Blvd. Suite D-103 Odessa, TX 79762 Atty for Srivastava/Gadasalli |
|---|---|---|

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of fiduciary duty, fraudulent transfer, preferential transfer; 11 U.S.C. § 547, 548, 550

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☒ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. §727
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | ☒ 1 Original proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND $ N/A | OTHER RELIEF SOUGHT Shareholder liability for claims of corporation | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR GKPS, Inc. | BANKRUPTCY CASE NO. 04-34670-tmb11 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Oregon | DIVISIONAL OFFICE Portland | NAME OF JUDGE Trish M. Brown |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.) ☒ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE May 3, 2006 | PRINT NAME Brad T. Summers | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

APCS-B104 Page 1 of 1 (2/92)