J. Stephen Werts, OSB No. 74337
email address: swerts@chbh.com
CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
Suite 2000, 1001 SW Fifth Avenue
Portland, OR  97204-1136
Telephone:  (503) 224-3092
Facsimile:   (503) 224-3176

Of Attorneys for Kenneth W. Perry and Roberta A. Kale

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In re** | **Case No. 04-34670-tmb7** |
| **GKPS, INC.,** | **KENNETH W. PERRY'S AND ROBERTA A. KALE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION** |
| **Debtor.** | |

Kenneth W. Perry ("Perry") and Roberta A. Kale ("Kale") submit this opposition to the trustees' motion for substantive consolidation under 11 U.S.C. § 105(a).  Perry also joins in any other opposition to the trustee's motion.

**INTRODUCTION**

The trustee of GKPS, Inc., Amy Mitchell, ("GKPS"), and the trustee Symphony Healthcare V, ("Symphony V"), Rodolfo A. Camacho, seek to substantively consolidate the GKPS estate with the Symphony V estate, and with the non-debtor entity Symphony III, Inc., an inactive Tennessee corporation, and the non-debtor entity Hospital and Surgical Center Management Services, L.P., a Nevada limited partnership ("HSC"), which the trustees define collectively as the "Symphony Entities." Both trustees have asked this Court for an orders substantively consolidating all of the Symphony Entities into a single estate, *nunc pro tunc* to March 23, 2004, with an express preservation of any and all claims which the trustees believe

Page 1 - KENNETH W. PERRY'S AND ROBERTA A. KALE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

may be held by any single entity against either Perry or Kale (and against their former associates Sudhir P. Srivastava and Suresh N. Gadasalli).

## ARGUMENT

GKPS, Symphony V and HSC are duly formed, legally separate and distinct entities, and were not all formed in the same states. Symphony I, Symphony II, Symphony IV and Symphony V have already been consolidated to become the Symphony Debtor. The "facts", upon which the trustees rely, are not legally sufficient to support an order of consolidation, even if proved in an evidentiary hearing, and certainly not based upon oral argument only. The time scheduled for this motion is not sufficient for the trier of fact to determine whether the creditors of both the debtors and non-debtors dealt with the entities as a single economic unit and did not rely on the separate identities when they extended credit; or whether the affairs of the debtors and non-debtors were so entangled that the consolidation would benefit all creditors.

For example, the trustees allege the ownership structure of all of the Symphony Entities, within which they include GKPS and HSC, exhibits a "striking unity of interest and common ownership." That is not unusual in today's business world, it is common. To structure several different businesses with common ownership into one entity is the unusual. Nor is the fact that GKPS is the sole owner of Symphony III and the sole general partner of HSC either unusual or a sufficient reason to consolidate. Holding companies are not uncommon, they are quite common, and unless the substantive factors exist to consolidate, common ownership is nearly irrelevant.

The fact that the four individual shareholders of GKPS are also the sole limited partners of HSC is equally irrelevant to whether this motion should be granted on a summary basis.

The trustee's argument is essentially that the affairs of GKPS and Symphony were "entangled," but they do not assert specific facts that would show that GKPS, HSC and Symphony acted as a single consolidated entity, other than a reference to Mr. Perry's testimony in a FRBP 2004 examination, in which he purportedly testified that there "…wasn't any

Page 2 - KENNETH W. PERRY'S AND ROBERTA A. KALE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

separation." This was in response to a question regarding whether or not HSC had a separate office.

There is also no reason to believe that substantive consolidation of the GKPS estate with the Symphony estate, and the further consolidation of HSC and Symphony III would benefit the creditors of either estate. Without an evidentiary hearing that will take several days (and involve the same evidence as the adversary cases) there is nothing from which the Court could conclude that the distribution would increase if the estates were to be consolidated, so it is impossible to determine, until the adversary cases are tried whether or not the creditors of either estate will be better or worse off with or without consolidation.

Even worse, the trustees seek to drag two non-debtor entities into bankruptcy using the procedure of substantive consolidation *nunc pro tunc*. Those non-debtor entities are Symphony III, Inc. and Hospital and Surgical Center Management Services, LP ("HSC"). Again, the trustees have made no attempt to actually prove that dragging those two non-debtor entities into bankruptcy will benefit the creditors of either of those entities, the creditors of the Symphony estate, or the creditors of the GKPS estate. The trustees make vague allegations concerning those entities, but provide no real proof that those entities acted as part of a single consolidated entity with GKPS and Symphony. Moreover, the trustees present no proof of the assets of those non-debtor entities, the claims against those non-debtor entities, or of how consolidation will benefit the creditors of any entity.

Without completing the discovery in the adversary proceedings, the trustees apparently do not have sufficient evidence to prove that the creditors of the existing estates will benefit as a result of the proposed consolidation. The purpose of the motion is to obtain a litigation advantage in the two pending adversary proceedings commenced by the trustees against WNB and other defendants (Adversary Proceedings Nos. 06-03215-tmb and 06-03216-tmb—the "Adversary Proceedings"). In the Adversary Proceedings, the trustees each assert virtually identical multiple claims against Perry and Kale based primarily on alter-ego and fraudulent

Page 3 - KENNETH W. PERRY'S AND ROBERTA A. KALE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

conveyance theories as well as preference and fraudulent conveyance claims, and against Western National Bank.

The trustees' alter-ego and fraudulent conveyance claims are based upon alleged facts similar to the alleged grounds for substantive consolidation asserted in the present motion. The defendants in the Adversary Proceeding have requested a jury trial of the facts alleged by the trustees. This motion, if it is granted, would permit the trustees to use substantive consolidation to avoid litigating the common factual issues in a jury trial after discovery has been completed. The trustees should not be permitted to "discount" or "dilute" discovery and avoid submitting disputed facts to a jury.

Other courts have encountered bankruptcy trustees attempting to use this same trial and discovery avoidance strategy. The response from those courts has been critical. The courts have justifiably ruled that trustees, having commenced litigation in the form of adversary proceedings, should see those adversary proceedings through to the end using the normal discovery and trial process. Such courts have held that trustees should not be allowed to "opt out" of the normal adversary proceeding process, once begun, and achieve their litigation goals through the alternative of substantive consolidation before trial. *See*, *e.g. Wells Fargo Bank v. Sommers* (*In re AMCO Insurance*), 444 F.3d 690, 697 n. 5 (5th Cir. 2006):

> "it appears on the record before us that other remedies, such as the doctrines of alter-ego and fraudulent conveyance, may have been available, and appropriate under the circumstances, and the bankruptcy court should duly make such considerations. Substantive consolidation should not be used as a 'free pass' to spare [d]ebtors or any other group from proving challenges, like fraudulent transfer claims, that are liberally brandished to scare yet are hard to show. *Owens Corning*, 419 F.3d at 215. As the Owens Corning court noted, if the objectors to substantive consolidation were as vulnerable to the fraudulent transfer challenges as alleged, 'then the game should be played to the finish in that arena.'"

Defendants Perry and Kale would be substantially prejudiced by an order consolidating these cases, and adding non-debtors without the benefit of a full evidentiary hearing. Without safeguards, the trustees would clearly seek to use such an order to avoid having to prove their allegations to a jury.

Page 4 - KENNETH W. PERRY'S AND ROBERTA A. KALE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

1  Perry and Kale have denied that HSC has denied receiving any wrongful transfers from
2  Symphony and has asserted the good faith defenses available to remote transferees under 11
3  U.S.C. § 550(b).  Since the trustee's have not come forward with any evidence prove that
4  consolidation would benefit creditors other Western National Bank, or that the affairs of GKPS
5  are so entangled with the Symphony Entities, and that the affairs of all of those separate entities
6  are so entangle with HSC to make all of these entities a single economic unit,  Perry and Kale
7  respectfully request this Court to deny this pending motion for substantive consolidation and to
8  allow the trustee to assert substantive consolidation as a part of the relief they are requesting in
9  the Adversary Proceedings.  That would defer the ruling on substantive consolidation until after
10  the jury trial.  If the jury finds that sufficient facts exist for a judgment against Perry and Kale on
11  the trustee's claims for relief, then those findings can serve as a basis for substantive
12  consolidation after a full hearing.  If this Court grants the trustee's motion, Perry and Kale
13  respectfully request the Court to enter a consolidation order that expressly preserves all defenses
14  that Perry and Kale would have if there is no consolidation prior to the conclusion of a jury trial.

15  The trustees rely primarily on the Ninth Circuit's opinion in *Bonham* to support their
16  motion.  Perry and Kale agree with the analysis of Western National Bank that reliance on
17  *Bonham* is misplaced and that *Bonham* does not create a rule authorizing substantive
18  consolidation whenever trustees might gain a litigation advantage from consolidation.  *Bonham's*
19  holding is much more limited.  *Bonham* involved an alleged Ponzi scheme that had already been
20  proved, and the need to create fraudulent conveyance and preference actions where no such
21  actions existed absent consolidation.  Here, the trustees already have pending fraudulent
22  conveyance and preference claims against Perry and Kale and others.  They do not need
23  consolidation to create such claims.

24  No Ponzi scheme is alleged, let alone proved.  Again, Perry and Kale agree with the
25  analysis put forward by Western National Bank's counsel that the trustees simply want to make
26  their existing litigation claims easier to prosecute by gaining significant rulings in what they

Page 5 - KENNETH W. PERRY'S AND ROBERTA A. KALE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

1 perceive to be a favorable forum, in the context of an expedited motion procedure without

2 discovery.  Nothing in Bonham justifies using the substantive consolidation procedure to obtain

3 such a result.

4     In fact, the Ninth Circuit in *Bonham* expressly recognized that resolving a substantive

5 consolidation request by means of an adversary proceeding is on of the proper procedural

6 alternatives available to bankruptcy courts.  *Bonham*, 229 F.3d at 765 n. 9.  Once that burden of

7 proof shifts, "the court may order consolidation only if it determines that the demonstrated

8 benefits of consolidation 'heavily' outweigh the harm." *Id.* at 766.  The Ninth Circuit, in

9 *Bonham*, also stated that "[r]esort to consolidation …should not be Pavlovian…but as almost

10 every other court has noted, should be used 'sparingly.'" *Id.* at 767.  Here, the trustees have not

11 demonstrated the benefits of consolidation.  All trustees have presented is argument, along with

12 minimal evidence of nothing at all unusual in the context of closely-held start-up companies

13 where some of the participants are not businessmen.

## CONCLUSION

15     Perry and Kale ask the Court to deny the present motion.  If the trustees are insistent upon

16 substantive consolidation, then Perry and Kale suggest that substantive consolidation be tried

17 along with the Adversary Proceedings.

19     DATED: Monday, August 14, 2006.

20                                         Respectfully submitted,

22                                      /s/  J. Stephen Werts
                                    J. STEPHEN WERTS, OSB No. 74337
23                                     Of Attorneys for Kenneth Perry and Roberta Kale

Page 6 - KENNETH W. PERRY'S AND ROBERTA A. KALE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **KENNETH W. PERRY'S AND ROBERTA A. KALE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION** on the following parties:

[✓]  by **MAILING** a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown below, and deposited with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

| | |
|---|---|
| Craig P. Bronstein<br>400 N. Tustin Ave., #120<br>Santa Ana, CA 92705-3815 | David P. Canas<br>315 Deaderick St., #1800<br>Nashville, TN 37238 |
| Timothy J. Convway<br>888 SW 5th Ave., #1600<br>Portland, OR 97204 | Joseph A. Field<br>610 SW Alder #910<br>Portland, OR 97205 |
| Craig V. Gabbert<br>315 Deaderick St., #1800<br>Nashville, TN 37238 | Albert N. Kennedy<br>888 SW 5th Ave., #1600<br>Portland, OR 97204 |
| Mark M Le Coz<br>1211 SW 5th Ave., #1600-1800<br>Portland, OR 97204 | Gene Mechanic<br>621 SW Morrison St., #1450<br>Portland, OR 97205 |
| Douglas R. Pahl<br>1120 NW Couch St., 10th Fl.<br>Portland, OR 97209-4128 | Barbara Provo<br>10400 SE Cook Ct. #143<br>Portland, OR 97222-1585 |
| Daniel H. Rosenhouse<br>1515 SW 5th #410<br>Portland, OR 97201 | Brad Summers<br>101 SW Main #1100<br>Portland, OR 97204 |

[ ]  by causing a full, true and correct copy thereof to be **HAND-DELIVERED** to the party, at the address listed below on the date set forth below;

[ ]  by **FAXING** a full, true and correct copy thereof to the party, at the <u>fax number</u> shown below, which is the last-known fax number for the party's office, on the date set forth below.

[✓]  **ELECTRONICALLY** a full, true and correct copy thereof to the party, at the <u>email address</u> shown below, which is the last-known fax number for the party's office, on the date set forth below:

Kelley A. Blaine

| | |
|---|---|
| 1 | Porirs.bk.e-mail@irscounsel.treas.gov, Kelley.a.blaine@irscounsel.treas.gov |
| 2 | Barry P. Caplain |
| 3 | mbodenheimer@sussmanshank.com  barry@sussmanshank.com |
| 4 | Rodolfo A. Camacho<br>rudy@chmacholaw.com  or16@ecfcbis.com |
| 5 | |
| 6 | David A. Foraker<br>David.foraker@greenemarkley.com  joyce.chartrand@greenemarkley.com |
| 7 | |
| 8 | Matthew A. Goldberg<br>mgoldbeg@prestongates.com  jshelton@prestongates.com |
| 9 | Sandford R. Landress |
| 10 | Sanford.landress@greenemarkley.com  nancy.read@greenemarkley.com |
| 11 | Amy E. Mitchell<br>mitchelltrustee@comcast.net |
| 12 | |
| 13 | US Trustee<br>Portland USTPRegion 18.PL.ECF@usdoj.gov |
| 14 | |
| 15 | Robert J. Vanden Bos<br>vbcservice@msn.com |
| 16 | Laura J. Walker |
| 17 | Lwalker@chbh.com sormsby@chbh.com |
| 18 | DATED Monday, August 14, 2006. |

    /s/ J. Stephen Werts    <br>
J. STEPHEN WERTS, OSB No. 74337<br>
Of Attorneys for Kenneth Perry and Roberta Kale