Douglas R. Pahl, OSB No. 95047 (dpahl@perkinscoie.com)
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Fax: (503) 727-2222

Of Attorneys for Sudhir P. Srivastava and Suresh N. Gadasalli

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**GKPS, Inc.,**<br><br>Debtor. | Case No. 04-34670-tmb11<br><br>**DEFENDANTS SRIVASTAVA AND GADASALLI'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION**<br><br>Hearing Date: September 5, 2006<br>Hearing Time: 1:30 p.m.<br>Hearing Location: Courtroom 4 |

Defendants Sudhir P. Srivastava ("Srivastava") and Suresh N. Gadasalli ("Gadasalli") (together "Defendants") submit this opposition to the trustee's motion for substantive consolidation under 11 U.S.C. § 105(a) (the "Motion"). Defendants join the oppositions to the Motion filed by defendants Western National Bank ("WNB"), Kenneth Perry ("Perry") and Roberta Kale ("Kale").

ARGUMENT

With slight evidence, the trustees of GKPS, Inc. ("GKPS" or the "GKPS Estate") and the trustee of several limited liability companies known as the Symphony Healthcare entities

PAGE 1- DEFENDANTS SRIVASTAVA AND
GADASALLI'S OPPOSITION TO MOTION
FOR SUBSTANTIVE CONSOLIDATION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

("Symphony" or the "Symphony Estate") (together, the "Trustees") seek to obtain the equitable and sparingly used remedy of substantive consolidation. The Motion should be denied because the Trustees have failed to clear the high evidentiary bar required. The Trustees should be required to prevail on the ambitious veil piercing and alter ego allegations they inserted in their respective complaints through a full evidentiary process, rather than through the abbreviated process contemplated by the Motion.

The Trustees seek to substantively consolidate their respective estates as well as two non-debtor entities as follows: (1) consolidation of non-debtor Hospital and Surgical Center Management Services, L.P. ("HSC") and the GKPS Estate, (2) consolidation of non-debtor Symphony III, Inc. and the Symphony Estate, and (3) consolidation of the GKPS Estate and the Symphony Estate.

Pursuant to *Alexander v. Compton (In re Bonham),* 229 F.3d 750, 766 (9th Cir. 2000), the central case relied on by the Trustees, the Ninth Circuit adopted the substantive consolidation test articulated by the Second Circuit:

> The Second Circuit has applied an independent test which requires the consideration of two factors: "(1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors." The presence of either factor is a sufficient basis to order substantive consolidation. The first factor, reliance on the separate credit of the entity, is based on the consideration that lenders "structure their loans according to their expectations regarding

PAGE  2-  DEFENDANTS SRIVASTAVA AND GADASALLI'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

assets for all the creditors" or where no accurate identification and allocation of assets is possible.

*Id.* (citations omitted).

The Trustees have failed to meet either factor of the *Bonham* test. As to the first factor, the Court has before it evidence that a significant and sophisticated creditor – WNB – dealt with HSC as a single, separate legal entity. WNB has submitted the declaration of Paul W. Lucas in opposition to the Motion. Mr. Lucas explains that WNB relied on the separate existence of HSC in advancing substantial unsecured credit to non-debtor HSC. The loan documents between WNB and HSC make this clear and expressly forbid HSC to merge or consolidate with any other entity. This response alone is sufficient to defeat the first factor of Bonham.

The Motion also fails to satisfy the second prong of the *Bonham* test. The Trustees argue that the affairs of GKPS, Symphony, HSC and Symphony III were "entangled." However, the Trustees provide no concrete proof that entities acted as a single consolidated entity. The Motion is not supported by evidence that any entanglement that may be shown has resulted in hopelessly commingled assets or a situation in which no accurate identification and allocation of assets would be possible (*Bonham,* 229 F.3d at 766), as is required to under the second prong.

Substantive consolidation is an equitable remedy. It should not be used to gain an inequitable advantage in the two pending adversary proceedings commenced by the Trustees (Adversary Proceedings Nos. 06-03215-tmb and 06-03216-tmb). In those adversary proceedings, the Trustees assert multiple claims based primarily on alter-ego and fraudulent conveyance theories as well as preference and fraudulent conveyance claims that are very similar to grounds alleged for substantive consolidation. As WNB points out, the Trustees face jury trials and full discovery procedures in the adversary proceedings, something that would be short-circuited by the Motion.

Moreover, in the adversary proceedings, HSC has denied receiving any transfers from Symphony and has asserted the good faith defenses available to remote transferees under 11

PAGE 3- **DEFENDANTS SRIVASTAVA AND GADASALLI'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION**

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

1  U.S.C. § 550(b). If HSC is now substantively consolidated with the Symphony Estate, WNB's

2  "good faith" defenses in the adversary proceeding will be adversely affected or disappear entirely.

3  These are inequitable results, especially given the Trustees' present inability to satisfy the

4  *Bonham* requirements or prove a benefit to existing or newly created creditors. *See, e.g. Wells*

5  *Fargo Bank v. Sommers (In re AMCO Insurance)*, 444 F.3d 690, 697 n. 5 (5th Cir. 2006):

> "it appears on the record before us that other remedies, such as the doctrines of alter-ego and fraudulent conveyance, may have been available, and appropriate under the circumstances, and the bankruptcy court should duly make such considerations. Substantive consolidation should not be used as a 'free pass' to spare [d]ebtors or any other group from proving challenges, like fraudulent transfer claims, that are liberally brandished to scare yet are hard to show. *Owens Corning*, 419 F.3d at 215. As the Owens Corning court noted, if the objectors to substantive consolidation were as vulnerable to the fraudulent transfer challenges as alleged, 'then the game should be played to the finish in that arena.'"

12  *In re Owens Corning*, a case in which the Third Circuit reversed the orders of the district

13  court and the bankruptcy court substantively consolidating the debtors' estates, provides a window

14  into the evidentiary seriousness that should accompany substantive consolidation. "Judge Fullam

15  reached his decision after a thirteen-day evidentiary hearing was held by Judge Wolin, and after

16  Judge Fullam reviewed 'the transcript of the testimony, and . . . the voluminous documentary

17  record compiled in the course of the hearing, and [had] the benefit of post-trial briefing and

18  argument.'" *In re Owens Corning*, 419 F.3d 195, 204 (3rd Cir. 2005) (quoting *In re Owens*

19  *Corning*, 316 B.R. 168, 169 (Bankr. D. De. 2004).

> After this extensive factual and legal review, "Judge Fullam concluded that there existed "substantial identity between . . . OCD and its wholly-owned subsidiaries. He further determined that "there [was] simply no basis for a finding that, in extending credit, the Banks relied upon the separate credit of any of the subsidiary guarantors." In Judge Fullam's view, it was "also clear that substantive consolidation would greatly simplify and expedite the successful completion of this entire bankruptcy proceeding. More importantly, it would be exceedingly difficult to untangle the financial affairs of the various entities."

26  *Id.* at 202 (internal citations omitted).

PAGE  4-  DEFENDANTS SRIVASTAVA AND
            GADASALLI'S OPPOSITION TO MOTION
            FOR SUBSTANTIVE CONSOLIDATION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

The summary allegations made by the Trustees in these proceedings do not approach the showing necessary in the Ninth Circuit or any other circuit to justify substantive consolidation. The Trustees make no attempt to prove that substantive consolidation would benefit the creditors of Symphony Estate or the GKPS Estate, not to mention the creditors of the estates created by designating HSC and Symphony III debtors. The trustees have made no attempt to prove the likely distribution in the existing estates absent consolidation, nor have they attempted to prove how the likely distribution would change should through consolidation. The court thus has no idea whether or not the creditors of either estate will be better or worse off.

As pointed out by WNB, the Trustees lack sufficient information to determine who will benefit and who will lose as a result of the proposed consolidation.

The Ninth Circuit has stated that "[r]esort to consolidation ...should not be Pavlovian...but as almost every other court has noted, should be used 'sparingly.'" *Bonham*, 229 F.3d at 767. Here, the Trustees have not met the prevailing test in the Ninth Circuit, they seek a short cut to avoid the full evidentiary and factual procedures required to impose this equitable remedy. The structure established for the entities involved was designed to be legally respected and was regarded as such by the Defendants. The structure was one commonly utilized in the business community and the Trustees have failed to provide a satisfactory basis for disregarding it.

## CONCLUSION

The Court should deny the present Motion. In the alternative, the Court should combine the Motion with the pending adversary proceedings and order that any decision on consolidation will be deferred until trial after a full opportunity for discovery and evidentiary presentation and

PAGE   5-   DEFENDANTS SRIVASTAVA AND
             GADASALLI'S OPPOSITION TO MOTION
             FOR SUBSTANTIVE CONSOLIDATION

1  
2  review. If the Court decides to order substantive consolidation now, its order should expressly  
3  preserve all of Defendants' defenses as if no consolidation had occurred.  
4      Respectfully submitted.  
5      DATED: August 18, 2006.  
6                                              **PERKINS COIE LLP**  
7  
8                                                By /s/ Douglas R. Pahl  
                                                   Douglas R. Pahl, OSB No. 95047  
9                                                     Of Attorneys for Sudhir P. Srivastava and Suresh N. Gadasalli  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  

PAGE 6- DEFENDANTS SRIVASTAVA AND GADASALLI'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION

**Perkins Coie LLP**  
1120 N.W. Couch Street, Tenth Floor  
Portland, OR 97209-4128  
Phone: (503) 727-2000  
Fax: (503) 727-2222

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS SRIVASTAVA AND GADASALLI'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION** on:

| | |
|---|---|
| Linda Johannsen<br>Preston Gates & Ellis LLP<br>Suite 1400<br>222 SW Columbia Street<br>Portland, OR  97201-6632 | Brad T. Summers<br>Ball Janik LLP<br>One Main Place, Suite 1100<br>101 SW Main Street<br>Portland, OR  97204-3219 |
| Randal Mashburn<br>211 Commerce St., #1000<br>Nashville, TN  37201 | James Boldrick<br>1801 W. Wall Street<br>Midland, TX  79701 |
| Daniel Hollmann<br>5030 E. University Blvd., #D-103<br>Odessa, TX  79762 | Randall Rouse<br>300 N. Marienfeld, #700<br>Midland, TX  79701 |
| David A. Foraker<br>Greene & Markley, P.C.<br>Suite 600<br>1515 SW Fifth Avenue<br>Portland, OR  97201-5492 | Steven Werts<br>Cable Huston Benedict Haagensen<br>& Lloyd LLP<br>2000 Congress Center<br>1001 SW Fifth Avenue<br>Portland OR  97204-1136 |

by mailing a copy of the original to the last known address, contained in a sealed envelope, with postage paid, bearing the last known address of each of the above, and deposited in the U.S. mail in Portland, Oregon, on August 18, 2006.

**PERKINS COIE LLP**

By _____
Douglas R. Pahl, OSB No. 95047
Of Attorneys for Defendants, Sudhir P. Srivastava
and Suresh N. Gadasalli

PAGE  1-  **CERTIFICATE OF SERVICE**

[61374-0001/PA062300.078]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222