**Brad T. Summers**, OSB #91111
Email: tsummers@balljanik.com
**David W. Criswell**, OSB #92593
Email: dcriswell@balljanik.com
BALL JANIK LLP
101 SW Main St. #1100
Portland, OR 97204
Phone: (503) 228-2525
Fax: (503) 226-3910
Attorneys for Amy Mitchell,
Chapter 7 Trustee

**Linda Johannsen,** OSB #90306
Email: linda.johannsen@klgates.com
**Matthew A. Goldberg**, OSB #05265
Email: matt.goldberg@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES & ELLIS LLP
222 SW Columbia Street, Suite 1400
Portland, OR 97201-6632
Phone: (503) 228-3200
Fax: (503) 248-9085
Attorneys for Rodolfo A. Camacho
Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>**GKPS, Inc**,<br><br>　　　　　　　　Debtor. | Case No. 04-34670-tmb7 |
| **Amy Mitchell,** Trustee, and **Rodolfo A. Camacho**, Trustee,<br><br>　　　　　　　　Plaintiffs,<br>　　　vs.<br><br>**McKesson Medical-Surgical, Inc.**, **dba McKesson General Medical Corp.**, and **dba McKesson Drug**<br><br>　　　　　　　　Defendant. | Adversary Proceeding No. 07-03014-tmb<br><br>**COMPLAINT**<br>(Preferential Transfer) |

Page 1 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\554812\1

Amy Mitchell ("Mitchell"), Trustee for the Chapter 7 bankruptcy estate of GKPS, Inc. ("GKPS") and Rodolfo A. Camacho ("Camacho"), Trustee for the Chapter 7 bankruptcy estate of Symphony Healthcare V (as consolidated) ("Symphony Debtor") (collectively "Plaintiffs"), allege:

## JURISDICTION AND VENUE

1. On March 23, 2004, involuntary Chapter 7 petitions were filed against Symphony Healthcare IV, LLC, dba Eastmoreland Hospital, and Symphony Healthcare V, LLC, dba Woodland Park Hospital.

2. On May 7, 2004, GKPS, Symphony Healthcare I, Inc., and Symphony Healthcare II, Inc., filed voluntary Chapter 11 petitions.

3. On May 10, 2004, the Chapter 11 bankruptcy case of Symphony Debtor was converted to Chapter 7, and Camacho was appointed Trustee.

4. On May 10, 2004, orders for relief and conversion of involuntary cases to Chapter 11 were entered in the Symphony Healthcare IV and Symphony Healthcare V cases.

5. On May 19, 2004, the Court entered an order administratively consolidating all five Chapter 11 cases.

6. On January 26, 2006, an order was entered deconsolidating the GKPS case from the four Symphony Healthcare cases.

7. On January 27, 2006, the Chapter 11 case of GKPS was converted to Chapter 7, and Mitchell was appointed Trustee.

8. On April 12, 2006, an order was entered converting the Symphony Debtor to Chapter 7, and Camacho was appointed Trustee.

9. This is a core proceeding over which this Court has jurisdiction and venue under 28 U.S.C. §§ 157, 1334 and 1409. The matters in controversy arise under 11 U.S.C. §§ 547 and 550.

Page 2 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\554812\1

## COMMON ALLEGATIONS

10. Defendant McKesson Medical-Surgical, Inc., dba McKesson General Medical Corp., and dba McKesson Drug ("Defendant") is a Virginia corporation.

11. On information and belief, Defendant received not less than $104,258.67 ("Transfers") in payments within the period of 90 days prior to the filing of the involuntary petitions on March 23, 2004 and the date the voluntary petitions were filed by the other debtors on May 7, 2004.

## CLAIM FOR RELIEF
### (Preferential Transfer Under 11 U.S.C. § 547)

12. Plaintiffs reallege paragraphs 1 through 11 above.

13. Defendant was a creditor of GKPS and/or Symphony Debtor pursuant to 11 U.S.C. § 101(10).

14. Plaintiffs are entitled to avoid the Transfers because they were transfers of property of Symphony Debtor and/or GKPS made:

    a. To or for the benefit of a creditor;

    b. For or on account of an antecedent debt owed by Symphony Debtor and/or GKPS before such transfers were made;

    c. While Symphony Debtor and GKPS were insolvent;

    d. On or within 90 days before the date of the filing of the petitions of each of Symphony I, II, IV and V and/or GKPS;

    e. That enabled such creditor to receive more than such creditor would receive if the case were a case under Chapter 7 of the Bankruptcy Code, the transfers has not been made, and such creditor received payment of such debt to the extent provided by the Bankruptcy Code.

15. Plaintiffs are entitled to avoid the Transfers and to recover the value of the property transferred pursuant to 11 U.S.C. § 550(a).

Page 3 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\554812\1

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.  Adjudging that the Transfers are avoided under Section 547 for a judgment in the amount of the value of $104,258.67 or such other amount as may be proven at trial;

2.  Awarding Plaintiffs their costs and disbursements herein plus prejudgment interest commencing on January 25, 2007; and

3.  For such other relief as the Court deems just and proper.

DATED this 26th day of January, 2007.

        BALL JANIK LLP

        By: /s/ David W. Criswell
           Brad T. Summers, OSB #91111
           David W. Criswell, OSB #92593
        Attorneys for Amy Mitchell,
        Chapter 7 Trustee

        —and—

        KIRKPATRICK & LOCKHART
        PRESTON GATES & ELLIS, LLP

        By: /s/ Matthew A. Goldberg
           Linda Johannsen, OSB #90306
           Matthew A. Goldberg, OSB #05265
        Attorneys for Rodolfo A. Camacho,
        Chapter 7 Trustee

Page 4 - **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\554812\1